**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.  0:25cv60041**

**ANNA ATTIAS,**
*Individually and on behalf of all those*
*similarly situated,*

      Plaintiff,

v.

**NATIONSTAR MORTGAGE LLC D/B/A MR COOPER,**

      Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff Anna Attias ("Plaintiff"), individually and on behalf of all those similarly situated, sues Nationstar Mortgage LLC d/b/a Mr Cooper ("Defendant") violations of the Fair Debt Collection Practices Act ("FDCPA") the Florida Consumer Collection Practices Act ("FCCPA").

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

### PARTIES

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant is a Delaware limited liability company, with its principal place of business located in Dallas, Texas.

### DEMAND FOR JURY TRIAL

5.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**ALLEGATIONS**

6.      Plaintiff is the alleged debtor of a line of credit secured by real property (the "Subject Account").

7.      The original creditor of the Subject Account is First Bank.

8.      The current creditor of the Subject Account is currently unknown (the "Current Creditor").

9.      At all times material, the Subject Account was primarily used by Plaintiff for personal, family, and household purposes.

10.     On a date better known by Defendant, the Current Creditor contracted with Defendant to collect, or attempt to collect, money allegedly owed to it by Plaintiff in connection with the Subject Account (the "Consumer Debt").

11.     On June 6, 2024 , Defendant communicated with Plaintiff at 9:53 PM in an attempt to collect the Consumer Debt. Attached as Exhibit A is a copy of said communication (the "Communication").

12.     In the Communication, Defendant states: "This is an attempt to collect a debt and any information obtained will be used for that purpose.."

13.     The Communication was sent by Defendant at 9:53 PM on June 6, 2024 .

14.     The Communication was received by Plaintiff at 9:53 PM on June 6, 2024 .

15.     Immediately prior to 9:53 PM on June 6, 2024 , Plaintiff was resting, undisrupted, and otherwise in a peaceful and relaxed state of mind.

16.     The Communication caused Plaintiff's cellular telephone to emit an audible sound at 9:53 PM and, in so doing, intruded into the peace and quiet realm of Plaintiff that is private and personal.

17.     On June 6, 2024  at or about 9:53 PM, in response to the audible sound caused by the Communication, Plaintiff retrieved said cellular telephone and, by and through said cellular telephone, reviewed the Communication, identified Defendant as the sender of the Communication and learned that Defendant was attempting to collect the Consumer Debt from Plaintiff.

18.     Defendant lacked consent directly from Plaintiff to communicate with Plaintiff in connection with collection of the Consumer Debt between 9:00 PM and 8:00 AM.

19.     Defendant knew it lacked Plaintiff's express consent to communicate with Plaintiff between 9:00 PM and 8:00 AM.

20.     Defendant knew that, without Plaintiff's direct express consent, it was inconvenient to communicate with Plaintiff between 9:00 PM and 8:00 AM.

21.     After reviewing the Communication and learning the subject matter thereof, Plaintiff became upset and frustrated, as Defendant was attempting to collect a debt from Plaintiff at 9:53 PM without Plaintiff's direct consent or permission.

22.     Plaintiff wasted approximately five (5) minutes of time retrieving Plaintiff's cellular telephone and reviewing the Communication sent by Defendant at 9:53 PM.

23.     As a result of the Communication, Plaintiff became restless and unable to return to the prior state of peace and relaxation enjoyed by Plaintiff prior to receipt of the Communication.

24.     As a result of the Communication, Plaintiff lost approximately one (1) hour of sleep on June 6, 2024 .

25.     The natural consequence of the Communication is the harassment, oppression, or otherwise abuse of Plaintiff in connection with the collection of the Consumer Debt because Defendant knew that the method of communication it chose to transmit the Communication was inconvenient for Plaintiff.

26.     Plaintiff was inconvenienced by the Communication.

27.     Without direct consent, it is inconvenient to communicate with a consumer, such as Plaintiff, between 9:00 PM and 8:00 AM.

28.     The Communication was intentionally sent by Defendant to Plaintiff.

29.     The natural consequent of communicating with a consumer between 9:00 PM and 8:00 AM without the express consent directly from the consumer is the harassment and oppression of the consumer.

30.     Defendant willfully chose to communicate with Plaintiff at 9:53 PM in an attempt to collect the Consumer Debt because it (Defendant) collects payment from consumers more consistently and quickly when demanding payment in the middle of the night.

31.     Defendant has the means and ability to limit its debt collection communications to Florida consumers to that of between 8:00 AM and 9:00 AM, but willfully fails to do so.

32.     Defendant knows that, by communicating with a consumer *via* e-mail, the consumer's cellular telephone can emit an audible sound and, depending on the timing, that said e-mail will intrude into peace and quiet in a realm that is private and personal.

33.     To Defendant, the economic benefit it (Defendant) realizes by demanding payment from Florida consumers between 9:00 PM and 8:00 AM in an attempt to collect a debt outweighs the harm it (Defendant) inflicts on Florida consumers by intruding into the peace and quiet realm private and personal.

34.     Despite the privacy rights enjoyed by Plaintiff under 15 U.S.C. § 1692c(a) or Fla. Stat. § 559.72(17), Defendant continues to communicate with Plaintiffs between 9:00 PM and 8:00 AM without any indication that it will cease.

35.     Defendant's willful and otherwise reckless disregard for the privacy rights enjoyed by Florida consumers to be free for communications in connection with the collection of a debt between 9:00 PM and 8:00 AM warrants punitive damages to ensure Defendant's compliance with the law in the future.

36.     All conditions precedent to the filing of this civil lawsuit to address the grievances set forth herein have occurred, been performed, have been waived or would have been futile.

## CLASS ACTION ALLEGATIONS

37.     Plaintiff brings this action pursuant to Rule 23, Federal Rules of Civil Procedure, individually and on behalf of two separate classes of persons: (i) the "FDCPA Class" and (ii) the "FCCPA Class."

### *The FDCPA Class*

38.     The "FDCPA Class" consists of: (1) all persons whose received a communication from Defendant; (2) in connection with the collect of a debt; (3) between 9:00 PM and 8:00 AM; (4) without the direct express consent of the recipient consumer; (5) in the 12-month period immediately preceding the commencement of this action.

39.     Excluded from the FDCPA Class are (1) Defendants, (2) Defendants' members, parents, subsidiaries and affiliates, (3) Defendants' officers, directors and members of their immediate families, (4) any entity in which a Defendant has a controlling interest, (5) the legal representative, heir, successor, or assign of any such excluded party, and (6) the judicial officer(s) presiding over this action and the members of their immediate families.

*The FCCPA Class*

40.     The "FCCPA Class" consists of: (1) all persons whose received a communication from Defendant; (2) in connection with the collect of a debt; (3) between 9:00 PM and 8:00 AM; (4) without the direct express consent of the recipient consumer; (5) in the 24-month period immediately preceding the commencement of this action.

41.     Excluded from the FCCPA Class are (1) Defendants, (2) Defendants' members, parents, subsidiaries and affiliates, (3) Defendants' officers, directors and members of their immediate families, (4) any entity in which a Defendant has a controlling interest, (5) the legal representative, heir, successor, or assign of any such excluded party, and (6) the judicial officer(s) presiding over this action and the members of their immediate families.

42.     **Numerosity**. The classes described above are so numerous that joinder of all individual members in one action would be impracticable. In this regard, Defendant sends hundreds, if not thousands, of e-mails each day making the classes likely to exceed 10,000 persons or more for the periods at issue. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court. The exact size of the classes and the identities of the individual members thereof are ascertainable through the records maintained by Defendant, including but not limited to, the records required by law to be maintained as alleged *supra*.

43.     **Commonality and Predominance**. This action involves questions of law and fact that are common to the class members. Such common questions include, but are not limited to, whether Defendant violated the rights of the FCCPA Class and FDCPA Class by communicating with a class member between 9:00 PM and 8:00 AM in an attempt to collect a debt without the direct consent of the class member; and

44.     These common questions of law and fact predominate over any questions affecting only individual class members. Defendant's breaches of the FDCPA and FCCPA are similar, if not wholly identical to each of the class members. Class members' statutory damages under the FDCPA and FCCPA also are identical. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action. Proving the claims of Plaintiff will necessarily also prove the claims of each class member.

45.     **Typicality**. Plaintiff's claims are typical of the claims of the class members. The claims of Plaintiff and members of the classes are based on the same legal theories and arise from the same failures and breaches by Defendant to comply with federal and local law. Plaintiff and class members were all subjected to the privacy intrusion by Defendant.

46.     **Adequacy of Representation**. Plaintiff is an adequate representative of the classes because her interests do not conflict with the interests of the other class members that she seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation. Plaintiff intends to prosecute this action vigorously. Plaintiff's counsel has adequate financial means to vigorously pursue this action and ensure the interests of the classes will not be harmed. Furthermore, the interests of the class members will be fairly and adequately protected and represented by Plaintiff and Plaintiff's counsel.

47.     **Superiority.** As described above, common issues of law or fact predominate over individual issues. Resolution of those common issues in Plaintiff's case will also resolve them for the classes' claims. In addition, class actions are superior to any other available means for the fair and efficient adjudication of this controversy and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other detriment suffered by Plaintiff and other class members are relatively small compared to the burden and expense that

would be required to individually litigate these claims against Defendant, so it would be impracticable for members of the class to individually seek redress for Defendant's wrongful conduct. Even if class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

48.     Plaintiff reserves the right to modify, amend, or revise the foregoing class allegations and definitions prior to moving for class certification based on newly learned facts or legal developments that arise following additional investigation, discovery, or otherwise.

49.     Certification of classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, *in that*, Defendant has acted on grounds generally applicable to the classes thereby making appropriate declaratory relief with respect to the classes as a whole. Plaintiff request certification of a hybrid class under Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for injunctive and equitable relief.

### COUNT 1
### VIOLATION OF 15 U.S.C. § 1692c(a)(1)

50.     Plaintiff, individually and on behalf of the FDCPA Class, incorporates by reference ¶¶ 6-49 of this Class Action Complaint.

51.     Section 1692c(a)(1) of the FDCPA provides that:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, **a debt collector shall assume that**

> **the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian**, local time at the consumer's location;

15 U.S.C. § 1692c(a)(1) (emphasis added).

52.     With respect to the present matter, Defendant knew that communicating with Plaintiff between 9:00 PM and 8:00 AM, without first obtaining consent directly from Plaintiff, would be inconvenient and otherwise an unusual time to communicate with Plaintiff. On June 6, 2024 , Defendant intentionally communicated with Plaintiff in an attempt to collect the Consumer Debt at 9:53 PM.

53.     Defendant knowingly communicated with Plaintiff at 9:53 PM without obtaining consent directly from Plaintiff to communicate with Plaintiff between 9:00 PM and 8:00 AM. Defendant's communication with Plaintiff at 9:53 PM was an explicit attempt to collect the Consumer Debt from Plaintiff, as Defendant expressly states in the Communication "this is an attempt to collect a debt." Exhibit A.

54.     Due to the timing and nature of the Communication, along with Plaintiff's receipt and review thereof, Plaintiff suffered from intrusion into the peace and quiet realm private and personal, frustration, aggravation, wasted time and lost sleep.

55.     Thus, by and through the Communication, Defendant violated 15 U.S.C. § 1692c(a)(1) by attempting to collect the Consumer Debt from Plaintiff at 9:53 PM.

56.     WHEREFORE, Plaintiff , individually and on behalf of the FDCPA Class, requests this Court to enter a judgment against Defendant awarding the following relief:

(a)     Actual damages as provided by 15 U.S.C. § 1692k;

(b)     Statutory damages as provided by 15 U.S.C. § 1692k;

(c)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(d)     Any other relief that this Court deems appropriate under the circumstances.

57.     Upon receipt of the Communication, Plaintiff became frustrated by Defendant's complete disregard of the Notice as evidenced by Defendant's refusal to communicate with Plaintiff *via* the convenient means articulated by Plaintiff.

**COUNT 2**
**VIOLATION OF 15 U.S.C. § 1692d**

58.     Plaintiff, individually and on behalf of the FDCPA Class, incorporates by reference ¶¶ 6-49 of this Class Action Complaint.

59.     Section 1692d of the FDCPA provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

60.     On November 30, 2020, the Consumer Financial Protection Bureau ("CFPB") issued their final rule to revise Regulation F ("Reg F") of which contains, among other things, the CFPB's most recent interpretation of the FDCPA.

61.     Reg F addresses, among other things, communications in connection with debt collection and prohibitions on harassment or abuse, false or misleading representations, and unfair practices in debt collection. *See generally* 85 FR 76734.

62.     With respect to the purpose of Reg F, it is stated "[Reg F] carries out the purposes of the FDCPA, which include eliminating abusive debt collection practices by debt collectors, ensuring that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and promoting consistent State action to protect consumers against debt collection abuses. 12 C.F.R. § 1006.1(b). Moreover, Reg F, "**prescribes requirements to ensure that certain features of debt collection are disclosed fully, accurately, and effectively**

**to consumers in a manner that permits consumers to understand the costs, benefits, and risks associated with debt collection, in light of the facts and circumstances.**" Id. (emphasis added).

63.     Pursuant to § 1006.14(a) of Reg F, of which implements § 1692d of the FDCPA, "[a] debt collector must not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including, but not limited to, the conduct described in paragraphs (b) through (h) of this section."

64.     With respect to the present matter, Defendant knew the natural consequence of communicating with Plaintiff  with Plaintiff between 9:00 PM and 8:00 AM, without first obtaining consent directly from Plaintiff, would be harassed and/or oppressive. On June 6, 2024 , Defendant intentionally communicated with Plaintiff in an attempt to collect the Consumer Debt at 9:53 PM.

65.     Defendant knowingly communicated with Plaintiff at 9:53 PM without obtaining consent directly from Plaintiff to communicate with Plaintiff between 9:00 PM and 8:00 AM. Defendant's communication with Plaintiff at 9:53 PM was an explicit attempt to collect the Consumer Debt from Plaintiff, as Defendant expressly states in the Communication "this is an attempt to collect a debt." Exhibit A.

66.     Due to the timing and nature of the Communication, along with Plaintiff's receipt and review thereof, Plaintiff suffered from intrusion into the peace and quiet realm private and personal, frustration, aggravation, wasted time and lost sleep.

67.     Thus, by attempt to collect the Consumer Debt from Plaintiff at 9:53 PM *via* the Communication without first obtaining direct consent from Plaintiff for communications between 9:00 PM and 8:00 AM, Defendant engaged in conduct the natural consequence of was harassing and oppressive to Plaintiff and, as a result thereof, violated 15 U.S.C. § 1692d.

68.     WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests this Court to enter a judgment against Defendant awarding the following relief:

(a)     Actual damages as provided by 15 U.S.C. § 1692k;

(b)     Statutory damages as provided by 15 U.S.C. § 1692k;

(c)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(d)     Any other relief that this Court deems appropriate under the circumstances.

### COUNT 3
### <u>VIOLATION OF FLA. STAT. § 559.72(17)</u>

69.     Plaintiff, individually and on behalf of the FCCPA Class, incorporates by reference ¶¶ 6-49 of this Class Action Complaint.

70.     Pursuant to § 559.72(17) of the FCCPA, in collecting consumer debts, no person shall: "*[c]ommunicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor.*" Fla Stat. § 559.72(17) (emphasis added).

71.     As set forth above, Defendant sent the Communication to Plaintiff in connection with the collection of the Consumer Debt. <u>Exhibit A</u>. The Communication was sent to Plaintiff between the hours of 9:00 PM and 8:00 AM in the time zone of Plaintiff. Defendant did not have the consent of Plaintiff to communication with Plaintiff between the hours of 9:00 PM and 8:00 AM. As such, by and through the Communication, Defendant violated § 559.72(17) of the FCCPA.

72.     WHEREFORE, Plaintiff, individually and one behalf of the FCCPA Class, requests relief and judgment as follows:

(a)     Statutory and actual damages as provided under Fla. Stat. §559.77(2);

(b)     An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(c)     Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

(d)     Any other relief that this Court deems appropriate under the circumstances.

DATED: January 7, 2025

Respectfully Submitted,

 /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:    Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:    Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street Suite 1732
Fort Lauderdale, FL 33301
Phone:    561-542-8550

*COUNSEL FOR PLAINTIFF*